UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RAYMMON R. SHUMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-265 |
| | ) | |
| ATTORNEY TOM SEARS, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Raymmon R. Shuman filed this case alleging violations of the Administrative Procedures Act, the Foreign Agent Registration Act, and the Fair Debt Collection Practices Act. *See* doc. 1 at 1. Although he paid the filing fee, he did not request that the Clerk issue a summons to any defendant. *See generally* docket. The District Judge directed him "to submit summonses to the Clerk in sufficient time so that the Plaintiff may timely serve the Defendants." Doc. 4. The ninety-day service period, pursuant to Federal Rule of Civil Procedure 4(m), expired on February 7, 2023. He has, therefore, failed to comply with the Court's Order. Because Shuman has failed to comply with the Court's Order his case should be **DISMISSED**.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders.  *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992).  Accordingly, Plaintiff's Complaint should be **DISMISSED** for his failure to comply with the Court's Order and Local Rules, and his failure to prosecute this action.[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party

---

[1] If Plaintiff wishes to respond to the Court's prior Order, the fourteen-day objections period, discussed below, affords him one final opportunity to do so.  If he responds out-of-time, he must include an explanation for his failure to timely serve defendants.  *See, e.g.,* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that serve be made within the specified time.").  In order to determine whether dismissal is appropriate, the Court must consider "whether any other circumstances warrant an extension of time based on the facts of the case."  *Leopone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007).  To the extent that Shuman believes that grounds exist that excuse his failure to comply with the District Judge's Order, he must also explain what "other circumstances" explain his failure to serve any defendant within Rule 4(m)'s deadline.

2

may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 3rd day of March, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA